IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Altony Brooks, # 313000, | ) | CIVIL ACTION NO. 9:15-2677-PMD-BM |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Hill Finklea Detention Center; Lieutenant Johnson, Captain Jackelman, Officer John Doe, Nurse John Doe, Officer Fludd, Officer John Doe, Officer Greene, and Officer Johnson, | ) | |
| Defendants. | ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants while he was being housed at the Hill Finklea Detention Center (HFDC).

On September 11, 2015, the Defendants[1] filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on September 16, 2015, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond

[1]A Recommendation for dismissal of the Hill Finklea Detention Center has been entered by the undersigned, and is awaiting final action by the Court. With respect to the remaining Defendants, only the Defendants Fludd and Jacumin (incorrectly spelled as Jackelman in the caption of the Complaint) have been served with process. See Court Docket Nos. 24 and 25. See also Court Docket No. 26, n. 1; Discussion, Section I, infra.





adequately, the Defendants' motion may be granted, thereby ending his case. That same date, the Court entered an Order advising Plaintiff that, with respect to the unserved Defendants, that he was responsible for providing information sufficient to effect service on these Defendants, and that if timely service was not effected they could be entitled to dismissal. See Rule 4(m), Fed.R.Civ.P.

On October 7, 2015 Plaintiff filed a motion for an extension of time to effect service, and on October 19, 2015 Plaintiff filed a a memorandum in opposition to the Defendants' motion to dismiss. On October 29, 2015 the Court entered an Order granting Plaintiff an extension of time to November 20, 2015 to effect service on the unserved Defendants. See Court Docket No. 58. However, there is no indication on the docket that any Defendants other than Fludd and Jacumin have been served with process in this case.

The Defendants' motion is now before the Court for disposition.[2]

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972); and as the Plaintiff is proceeding pro se,

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.





his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

**(Service of Process Issues)**

At the time this action was filed, Rule 4(m), Fed.R.Civ.P., provided that "[i]f a defendant is not served within one hundred twenty (120) days after the complaint is filed, the court - on motion or on its own after notice to the Plaintiff - must dismiss the action without prejudice against that Defendant . . . but if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[3] Here, the time for service began to run on August 19, 2015, the date the summons in this case were issued by the Clerk[4] and the one hundred twenty day period for service provided by Rule expired on December 17, 2015. Therefore, unless Plaintiff has made proper service on the Defendants Officer Greene, Officer Johnson and Lieutenant Johnson, they are subject to dismissal as party Defendants.

---

[3]Rule 4(m) Fed.R.Civ.P. was amended on December 1, 2015 to reduce the period for effecting service to ninety (90) days. However, since this case was already pending prior to that time, the Court has used the earlier one hundred twenty (120) day time period for effecting service. See Order filed on November 23, 2015 in 3:15-mc-0376-TLW.

[4]As this case was subject to pre-filing review, the one hundred twenty (120) day period for service of process under Rule 4(m) has been calculated from the date on which the summons were issued. Robinson v. Clipse, 602 F.3d 605, 608-609 (4th Cir. 2010) [Tolling during initial review].





Since the filing of the service order in this case (which specifically placed Plaintiff on notice of the service requirements) as well as the followup service order entered on September 16, 2015, and notwithstanding Plaintiff having been granted an extension of time to November 20, 2015 to effect service (which was itself within the one hundred twenty day service time provided by Rule), there is no indication from a review of the docket of this case that any of these three Defendants have been served with process, nor has Plaintiff provided any revised Forms USM-285 to the Marshal for any of these three Defendants since his original forms USM-285 were returned unserved by the Marshal.[5] **Therefore, Plaintiff is herein specifically advised and placed on notice that, in response to this Report and Recommendation, he must provide the Court with proof of service on the Defendants Greene, Officer Johnson and Lieutenant Johnson, or present good cause to the Court for any failure to serve these Defendants,[6] within ten (10) days of the filing**

---

[5]There have, however, been some other filings relating to this issue. First, Plaintiff has filed a series of what can only be described as "running" amendments or commentary regarding his claims and who he might want to sue. See Order (Court Docket No. 56). Additionally, in a letter filed with the Court on October 1, 2015, Plaintiff stated that the Defendant "Lieutenant Johnson's" name might possibly instead be "Sergeant Johnston". See Court Docket No. 39. As part of his motion for an extension of time, Plaintiff further identified the Defendant "Johnston" as a female. See Court Docket No. 42. In a letter filed with the Court on October 8, 2015 Plaintiff states that he is conducting discovery to determine the identity of these Defendants but that the Defendants and defense counsel are being uncooperative. Finally, in a filing on December 17, 2015, Plaintiff asked that his Complaint be served on the Defendant "Sharon" Greene, as well as several other individuals who are not named as Defendants in this case. There were no forms USM-285 provided, nor was a proposed amended complaint attached to this filing. Plaintiff had also already been advised by the Court of proper service requirements and that this type of filing was not proper. See Orders (Court Docket Nos. 13, 31, 56); cf. McClary v. Searles, No. 15-77, 2015 WL 2259312, at * 1, n. 1 (W.D.N.C. May 13, 2015) ["A plaintiff may not amend a complaint in piecemeal fashion"].

[6]If Plaintiff has failed to serve these Defendants with service of process, but submits material to the Court asserting good cause for such failure, whether or not to accept Plaintiff's assertions of good cause shall be in the sole discretion of the District Judge in his review of this Report and Recommendation.





**of this Report and Recommendation. Failure to do so will result in these Defendants being dismissed without prejudice.**

**II.**

**(Motion to Dismiss)**

In their motion to dismiss, the Defendants argue that Plaintiff's Complaint should be dismissed for failure to state a claim. Liberally construed, Plaintiff alleges that on September 17, 2013 he was at the Hill Finklea Detention Center while he was pursuing a post conviction relief claim, when he was "lured" out of his cell by the Defendant Greene and taken "up front [to] booking", where the Defendant "Johnson" told him he needed to have his picture taken. Plaintiff alleges that he refused, telling Johnson that he was "not giving them no pictures so they can keep up with my features" and that he was going back to his cell. Plaintiff alleges that at that time the Defendant Johnson then "began tugging at me", while two other unidentified detention officers began pushing him into the camera room. Plaintiff alleges that since he was handcuffed, they were successful in getting him in front of the camera.

Plaintiff alleges that once he was in front of the camera, the Defendant Fludd told him to be still so she could take his picture, but that he refused and turned his head repeatedly so that Fludd could not get a good shot. Plaintiff alleges that during this period of time, the Defendant Johnson and the two other officers were holding him in place, while the Defendants Jacumin and Lieutenant Johnson observed. Plaintiff alleges that when Fludd could not get a good picture, the Defendant Johnson ordered Plaintiff to stop resisting, and that when Plaintiff refused, the Defendant Lieutenant Johnson pulled out a taser and told Plaintiff that if he moved again he would be tased.





Plaintiff alleges that he moved, and that "Johnson"[7] then shot him with the taser, dropping him to the floor, during which he banged his left knee on the floor. Plaintiff alleges that while he was still "shaking" from the taser shot, the officers pulled him up from the ground, whereupon Johnson tased him again. Plaintiff alleges that this caused him to drop to the floor a second time, and that he could "feel his soul about to leave his body". Plaintiff alleges that Johnson (apparently the other Johnson) and another unnamed officer then picked him up, but that when he "went to pull the taser out of his leg" the Defendant [Lt.] Johnson tased him again. Plaintiff alleges he did not drop to the floor this time because he was being held up by [the other] Johnson and two other officers. Plaintiff alleges that Fludd then took his picture, following which Johnson walked Plaintiff back to his cell with the taser still in his leg. Plaintiff alleges that when he got back to the cell, Johnson then "snatched the taser out of Plaintiff's leg".

Plaintiff alleges that at this time he was bleeding from his leg, which also went numb, causing him to have to sit on the bed. Plaintiff alleges that he asked for medical help, but that when medical arrived the (unidentified) nurse refused to do an incident report on the incident or take pictures. Plaintiff alleges that he was placed back in his cell in an agitated state, and that his leg "throbbed". Plaintiff alleges that when he was later sent back to the Lee Correctional Institution (part of the South Carolina Department of Corrections), he was experiencing serious pain in his left knee, and that he now needs to undergo surgery due to a purported torn ligament in his left knee.

Plaintiff alleges that the Defendants used excessive force against him, as well as that his First Amendment rights were violated when his picture was taken without his permission.

---

[7]Presumably Lieutenant Johnson.





Plaintiff also asserts state law claims for assault and battery, outrage, and negligence, and seeks declaratory and/or injunctive relief as well as monetary damages. See generally, Plaintiff's Complaint.

**First Amendment Claim**. With respect to Plaintiff's allegations in his Complaint that his First Amendment rights were violated when he was required to have his picture taken against his wishes, the Defendants are correct that this claim is patently without merit.

Although Plaintiff characterizes his claim as one arising under the First Amendment, it is actually more accurately characterized as one for a purported unconstitutional invasion of Plaintiff's right to privacy. See, e.g., Kimberlin v. United States Dept. of Justice, 788 F.2d 434, 438 (7th Cir. 1986) ["The Supreme Court, in Whalen v. Roe,[8] recognized a constitutional interest in avoiding disclosure of personal matters"] (citations omitted); Plante v. Gonzalez, 575 F.2d 1119, 1134 (5th Cir. 1978) ["Supreme Court has clearly recognized that the privacy of one's personal affairs is protected by the Constitution"]; see also Borucki v. Ryan, 827 F.2d 836, 846 (1st Cir. 1987) [noting that as of 1983, "a majority of courts considering the question [of a right to privacy] had concluded that a constitutional right of confidentiality is implicated by disclosure of a broad range of personal information"]. However, while Plaintiff retains this right to privacy even though he is incarcerated; see Woods v. White, 689 F.Supp. 874, 876-877 (W.D.Wis. 1988), aff'd., 899 F.2d 17 (7th Cir. 1990), citing Torres v. Wisconsin Dept. of Health and Social Services, 838 F.2d 944, 951 (7th Cir. 1988); United States v. Simmons, No. 13-6025, 2016 WL 285176 at * 24 (W.D.N.Y. Jan. 22, 2016) [Inmate retains some residual privacy rights]; an individual's right to confidentiality is

[8]429 U.S. 589 (1977).





balanced against the governmental interest in limited disclosure when necessary, and the maintenance of photographs of prison inmates by prison officials is clearly a legitimate governmental interest outweighing any individual inmate's objection to having his picture taken. Cf. Jenkins v. Rock Hill School District, 513 F.3d 580, 591 (6th Cir. 2008) [Criminal suspects have no constitutional rights to privacy in information contained in a police report]; Clive v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996) ["[T]here is no constitutional right to privacy in one's criminal record"]; Bailey v. City of Port Huron, 507 F.3d 364 (6th Cir. 2007) [Criminal suspects have no constitutional rights to privacy in their mug shots].

As such, Plaintiff has failed to state a claim with respect to this allegation, and Defendants are therefore entitled to summarily dismissal of this claim. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law . . . ."]; Neitzke v. Williams, 490 U.S. 319, 322-330 (1989) [under 28 U.S.C. § 1915 a claim is frivolous and may be dismissed where it is presented in a patently insubstantial complaint, petition, or pleading].

**Excessive Force Claim**. Defendants also assert that Plaintiff's allegations that Lieutenant Johnson (whom the Defendants identify as Sergeant Johnston) tased him three times even while handcuffed because he refused to have his picture taken fails to state a claim for excessive force. However, Plaintiff's allegations in this case are clearly sufficient to state a claim for excessive use of force under the applicable caselaw. See Iko v. Shreve, 535 F.3d 225, 239-240 (4th Cir. 2008) [Finding genuine issue of material fact when prison guard deployed several bursts of pepper spray on docile prisoner]; Whitley v. Albers, 475 U.S. 312, 327 (1986)[Inmates are protected under the Eighth Amendment from the unnecessary and wanton infliction of pain]; cf. Mann v. Failey, 578





Fed.Appx. 267, 274-275 (4th Cir. 2014) [Finding a jury could infer from evidence that officers "wontonly administered serious force to [plaintiff] in retaliation for his conduct rather than for the purpose of bringing him under control . . . ."]; Holley v. Johnson, No. 08-69, 2010 WL 2640328, at * * 9-15 (W.D.Va. June 30, 2010) [Noting that excessive force claim does not require showing of a significant injury]; Hudson v. McMillian, 503 U.S. 1, 7 (1992) [the core judicial inquiry is whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm].[9]

The only question before the Court at this time is whether Plaintiff's factual allegations, and any reasonable inferences which may be drawn therefrom, are sufficient to state a "plausible" claim of excessive use of force. Iqbal, 129 S.Ct. At 1949. Again, Plaintiff's allegations clearly meet this standard. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996)[Excessive force claim stated where plaintiff demonstrates a sufficiently serious deprivation or injury inflicted by a prison official acting with a sufficiently culpable state of mind]; Everett v. Noit, 547 Fed.Appx. 117, 122 (3d Cir. Nov. 21, 2013). Therefore, the Defendants are not entitled to dismissal of this claim at this time on this basis. See Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support

---

[9]While Defendants cite two (2) cases in their brief to support a dismissal of this claim, Henderson v. Gordineer and Hollingsworth v. City of St. Ann, both of those cases were decided on Rule 56 motions for summary judgment after consideration of the evidence, not on Rule 12 motions to dismiss, which are judged by a totally different standard. Cf. Coleman v. Drug Enforcement Administration, No. 14-315, 2015 WL 5730707 at * 7 ___ F.Supp. 3d ___, (D.D.C. Sept. 29, 2015) ["At the summary judgment stage, the Plaintiff 'faces a higher burden . . . than when faced with a motion to dismiss"].





of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see also Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988); Vogt v. Greenmarine Holding, LLC, 318 F.Supp. 2d 136, 144 (S.D.N.Y. 2004) [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different question, but plaintiffs are entitled to make the attempt"].

Even so, although Plaintiff's allegations are sufficient to state a claim, the only two Defendants directly involved in the force used in this case, Lieutenant Johnson and Officer Johnson (who was restraining the Plaintiff while Lieutenant Johnson was tasering him), have not been served with process in this case. See discussion, Section I, supra. Therefore, unless Plaintiff has obtained proper service on these Defendants, they are entitled to dismissal. As for the other unserved Defendant, Greene, Plaintiff does not allege that she was even present at the time (she is merely alleged to have brought the Plaintiff to the booking area to have his picture taken). Therefore, she is entitled to dismissal as a party Defendant even if she is ultimately served with process.

However, even if all three of these Defendants are ultimately dismissed from this case, Plaintiff also alleges that the two Defendants who have been served (Jacumin and Fludd) were present and took no action to stop Johnson's repeated tasering of the handcuffed and restrained Plaintiff, and a law enforcement officer who is otherwise a bystander may be held liable for an act





of excessive force where they are confronted with a fellow officer's illegal act and possessed the power to prevent it but failed to do so. Randall v. Prince George's County, MD., 302 F.3d 188, 203 (4th Cir. 2002); see also O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2nd Cir. 1988)[observing that officer who stands by and does not seek to assist the victim could be "tacit collaborator"]. Liberally construed, and drawing all reasonable factual inferences in favor of the Plaintiff, as the Court is required to do at this stage of the proceedings, Plaintiff's allegations are sufficient to raise a "reasonable expectation" that discovery may reveal evidence sufficient to give rise to an inference of unlawful conduct by these two (2) Defendants sufficient to survive a Rule 12 motion to dismiss. Wolman v. Tose, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to infer that all of the required elements of the cause of action are present."]; Slade, 407 F.3d at 248 ["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"]. Therefore, Jacumin and Fludd are not entitled to dismissal as party Defendants from this cause of action.

**Qualified Immunity**. Finally, the undersigned does not find that these Defendants would be entitled to qualified immunity from Plaintiff's excessive force claim, at least at this stage of the proceedings, as it was certainly clearly established at the time of the incident at issue that wanton and unjustified use of a taser (which is what Plaintiff alleges) against a restrained inmate could warrant a claim for excessive use of force in violation of the Eighth Amendment, as well as that "standing by" and not assisting a victim of such wanton conduct could subject an officer who was present at the time to liability as a "tacit collaborator". See Harlow v. Fitzgerald, 457 U.S. 800,





818 (1982)[Defendant entitled to qualified immunity only insofar as the conduct alleged did not violate clearly established statutory or constitutional rights of which a reasonable person should have know]; cf. Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992)["In determining whether the specific right allegedly violated was 'clearly established', the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged"]; see Iko, 535 F.3d at 239-240 [Finding genuine issue of material fact when prison guard deployed several bursts of pepper spray on docile prisoner]; Mann, 578 Fed.Appx. at 274-275 [Finding a jury could infer from evidence that officers "wontonly administered serious force to [plaintiff] in retaliation for his conduct rather than for the purpose of bringing him under control . . . ."]; O'Neill, 839 F.3d at 11-12 [observing that officer who stands by and does not seek to assist the victim could be "tacit collaborator"].

Therefore, the Defendants are not entitled to dismissal of this claim on the basis of qualified immunity.

**III.**

**(State Law Claims)**

Plaintiff's state law claims are presumably being asserted under the South Carolina Tort Claims Act (SCTCA). However, Defendants correctly note that, with respect to any state law claims being asserted, Plaintiff has not named a proper party Defendant. See S.C.Code Ann. §15-78-70(c). As such, all of the named Defendants are immune from suit with respect to Plaintiff's state law claims and are entitled to dismissal as party Defendants with respect to these claims.

Even so, in light of Plaintiff's pro se status, and pursuant to the language of § 15-78-70(c) allowing for the substitution of a proper party defendant, rather than dismissing Plaintiff's state





law claims, Plaintiff should be provided the opportunity to amend his Complaint to substitute the Berkeley County Sheriff's Office as the party Defendant for his state law claims. See also Calhoun v. Vicari, No. 05-4167, 2005 WL 2372870, at * 5 (D.N.J. Sept. 26, 2005)[Allowing Plaintiff to supplement an otherwise insufficient allegation to allow for the possible maintenance of a sufficient claim].[10] If this substitution of party defendants is allowed, the Defendants' motion to dismiss the state law causes of action should otherwise be denied, as the undersigned does not find that Plaintiff's state law claims are subject to a Rule 12 dismissal based on the immunity exceptions cited by the Defendants in their brief. See S.C, Code Ann. § 15-78-60(3) - (5), (20), (25).[11]

**Conclusion**

Based on the foregoing, it is recommended that Plaintiff's claim asserting a violation of his constitutional rights based on having his picture taken be **dismissed** for the reasons stated. Further, as this is the only claim in which the Defendant Greene is implicated, she should be **dismissed** as a party Defendant even if Plaintiff has otherwise properly served her with process.

With respect to the remaining Defendants, if Plaintiff has failed to effect proper service on the Defendants "Lieutenant Johnson" and "Officer Johnson", all as is more fully set forth herein, those Defendants should be **dismissed** as party Defendants in this case. However, if service is or has been effected on these Defendants, Defendants' motion to dismiss these two individuals as party Defendants from Plaintiff's excessive force claim (which should itself proceed at this time)

[10]The undersigned notes that Plaintiff has himself, in his response brief, requested to be allowed to substitute the BCSO as the party Defendant for these claims as alternative relief.

[11]No other basis or argument for dismissal of these state law claims is presented in Defendants' motion.





should be **denied**. The remaining Defendants Jacumin and Fludd's motion to dismiss with respect to this claim should also be **denied**.[12]

Finally, Plaintiff should be allowed to substitute the Berkeley County Sheriff's Office as the party Defendant for his state law claims. In this event, Defendants' motion to dismiss Plaintiff's state law claims should be **denied**. If defense counsel cannot accept service for this Defendant, a separate serve order will be entered for the United States Marshal to attend service on the BCSOt.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

February 16, 2016
Charleston, South Carolina

[12]With respect to the remaining "John Doe" and "Jane Doe" Defendants, these individuals have never been identified, and as seven (7) months have now passed since the filing of this case, these unidentified Defendants should be dismissed without prejudice from the caption of the Complaint. Cf. Davison v. Kennedy, No. 15-1373, 2016 WL 538906 at * 7 (M.D.Penn. Feb. 11, 2016) [Dismissing John Doe Defendants whom Plaintiff had failed to identify and serve within 120 days].





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



