**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Altony Brooks, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:15-cv-2677-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Hill Finklea Detention Center, Lieutenant | ) | |
| Johnson, Captain Jackelman, Officer John | ) | |
| Doe, Officer Fludd, John Doe, Officer | ) | |
| Greene, and Officer Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's objections to Magistrate Judge Bristow Marchant's Report and Recommendation ("R & R") (ECF Nos. 21 & 17). Magistrate Judge Marchant reviewed Plaintiff's *pro se* complaint pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.). In his R & R, Magistrate Judge Marchant recommends dismissing Plaintiff's claims against Defendant Hill Finklea Detention Center without prejudice and without service of process. For the reasons stated herein, the Court overrules Plaintiff's objections, adopts the R & R, and dismisses Defendant Hill Finklea Detention Center from the case as recommended.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's proposed findings and recommendations within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may

accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## ANALYSIS

This is an action filed under 42 U.S.C. § 1983. Magistrate Judge Marchant recommends Hill Finklea Detention Center be dismissed because detention facilities are not "persons" under § 1983 and thus cannot be sued under that statute. Plaintiff objects to that analysis, but it is correct. This Court has held repeatedly that Hill Finklea Detention Center cannot be sued under § 1983 because it is not a person. *See, e.g.*, *Cobb v. South Carolina*, No. 2:13-cv-2370-RMG, 2014 WL 4220423, at *3 (D.S.C. Aug. 25, 2014); *Strickland v. Hill Finklea Det. Ctr.*, No. 6:10-cv-2610-JFA-KFM, 2010 WL 4929245, at *1 (D.S.C. Nov. 30, 2010).

In his objections, Plaintiff quotes portions of the South Carolina Tort Claims Act and summarizes South Carolina state court opinions applying the Act.  He also argues that the Detention Center is a defendant "under the court[']s supplemental jurisdiction to hear his state law claims."  (Objections, ECF No. 21, at 3.)  Plaintiff seems to contend that he is also suing the Detention Center under the Act and that the Detention Center is a proper defendant for such a claim.  If he is making such a claim, this Court cannot hear it.  *See Payne v. Sewell*, No. 6:12-cv-3005-DCN-KFM, 2012 WL 5989889, at *2 (D.S.C. Oct. 23, 2012) ("Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina."), *report and recommendation adopted*, 2012 WL 5989886 (D.S.C. Nov. 30, 2012).

In sum, the Court finds that the R & R accurately states the applicable law and facts in this case, and therefore the Court adopts the R & R as its opinion.

## CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's objections are **OVERRULED** and that Plaintiff's claims against Defendant Hill Finklea Detention Center are **DISMISSED** without prejudice and without service of process.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**March 1, 2016**
**Charleston, South Carolina**

3