**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Altony Brooks, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:15-cv-2677-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lieutenant Johnson, Captain Jackelman, | ) | |
| Officer John Doe, Nurse John Doe, | ) | |
| Officer Fludd, Officer John Doe, Officer | ) | |
| Greene, and Officer Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on review of Magistrate Judge Bristow Marchant's Report and Recommendation ("R & R") (ECF No. 97). Plaintiff has filed a "Motion of Objection in opposition" to the R & R (ECF No. 106). For the reasons stated herein, the Court enters relief as recommended in the R & R.

**PROCEDURAL HISTORY**

Plaintiff contends Defendants violated his First Amendment Rights and used excessive force on him while he was at the Hill Finklea Detention Center in Moncks Corner, South Carolina.[1] Following service of process on Captain Jacumin (which Plaintiff mistakenly spelled "Jackelman") and Officer Fludd, Defendants filed a motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6). In his R & R, Magistrate Judge Marchant recommends the motion be granted in part and denied in part. He also recommends dismissing several defendants and allowing Plaintiff to add the Berkeley County Sheriff's Office as a defendant. Plaintiff timely filed his response to the R & R. Defendants did not file any objections.

---

1.  Plaintiff named the Detention Center as a defendant, but this Court dismissed it from the case. (ECF No. 103.)

## STANDARD OF REVIEW

The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the R & R within fourteen days after being served with a copy of it. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may receive more evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## ANALYSIS

Although labeled as a "Motion of Objection in Opposition to" the R & R, the document does not contain any actual objections or statements in opposition to the R & R. Rather, Plaintiff

spends nearly ten pages paraphrasing or quoting portions of the R & R that, for the most part, favor him.[2]  Because there are no objections to consider, the Court proceeds to a clear-error review of the R & R.

First, Magistrate Judge Marchant recommends dismissing Lieutenant Johnson, Officer Johnson, and Officer Greene because Plaintiff failed to effect service of process upon them.  *See* Fed. R. Civ. P. 4(m).  Similarly, he recommends dismissing the three Doe defendants because Plaintiff has neither identified nor served them.  Magistrate Judge Marchant specifically advised Plaintiff that those defendants could be dismissed under Rule 4(m) unless Plaintiff showed that he had good cause for failing to serve them.  Plaintiff has ignored that warning and not provided any explanation for his failure.  Thus, all claims against Lieutenant Johnson, Officer Johnson, Officer Greene, and the three Doe defendants are **DISMISSED** without prejudice.  Insofar as Defendants' motion to dismiss relates to those six defendants, it is **DENIED** as moot.

Second, Magistrate Judge Marchant concluded that Plaintiff's First Amendment claim for having his picture taken at the jail is legally insufficient.  The Court agrees and adopts the R & R's analysis of that claim.  In that respect, Defendants' motion is **GRANTED**, and that claim is **DISMISSED**.

Third, Magistrate Judge Marchant concluded Plaintiff has sufficiently pled claims against Captain Jacumin and Officer Fludd under 42 U.S.C. § 1983 based on excessive force.[3]  The Court agrees and adopts the R & R's analysis with respect to those two defendants.  In that respect, Defendants' motion to dismiss is **DENIED**.

---

2.    At one point, Plaintiff alludes to jury-trial demands under Federal Rule of Civil Procedure 38.  The Court cannot construe that as an objection; the R & R has no analysis on that issue.  Rather, the Court construes it as a demand for a jury trial.  At this time, the Court expresses no opinion on the efficacy of that demand.

3.    Magistrate Judge Marchant also concluded Plaintiff has sufficiently pled excessive-force claims against Lieutenant Johnson and Officer Johnson, but not against Officer Greene.  Because the Court is dismissing those defendants under Rule 4(m), it need not review that analysis.

Fourth, Magistrate Judge Marchant concluded that none of the Defendants are proper targets of Plaintiff's claim under the South Carolina Tort Claims Act. He recommends that the Berkeley County Sheriff's Office be substituted as the defendant for Plaintiff's claims under the Act. The Court agrees. Plaintiff's state-law claims against Captain Jacumin and Officer Fludd (the only two remaining current defendants) are **DISMISSED**. The Berkeley County Sheriff's Office is hereby **SUBSTITUTED** as a defendant, but only as to Plaintiff's state-law claims. Within seven days of this Order, defense counsel shall notify Plaintiff and Judge Marchant whether he will accept service for the Sheriff's Office. In the event he cannot accept service, the Court asks Judge Marchant to issue a service order for the Sheriff's Office as mentioned in the R & R.

Finally, Defendants argued they were immune to Plaintiff's state-law claims under subsections (3), (4), (5), (20), and (25) of South Carolina Code section 15-78-60. Magistrate Judge Marchant concluded that, assuming the Sheriff's Office is substituted, none of those provisions would entitle it to dismissal under Rule 12. The Court agrees and adopts that portion of the R & R. In that respect, Defendants' motion to dismiss is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

March 23, 2016
Charleston, South Carolina