**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

| | | |
|---|---|---|
| Altony Brooks, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:15-cv-2677-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Lieutenant Johnson, Captain Jackelman, | ) | |
| Officer John Doe, Nurse John Doe, | ) | |
| Officer Fludd, Officer John Doe, Officer | ) | |
| Greene, and Officer Johnson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On March 23, 2016, this Court entered an Order dismissing, without prejudice, Plaintiff's claims against six defendants—Lieutenant Johnson, Officer Johnson, Officer Green, and the three John Doe defendants—pursuant to Federal Rule of Civil Procedure 4(m). The Court entered that relief based on a report and recommendation ("R & R") that United States Magistrate Judge Bristow Marchant issued on February 16, 2016. In the R & R, the Magistrate Judge correctly determined that Plaintiff had not timely effected service of process on the defendants within Rule 4(m)'s deadline. Accordingly, the Magistrate Judge advised Plaintiff to submit proof of service of process or "present good cause to the Court for any failure to serve" the defendants. (R & R, ECF No. 97, at 4.) Otherwise, the Magistrate Judge explained, the Court would dismiss the defendants from the case.

Plaintiff thereafter timely filed objections to the R & R but did not include any proof of service or make any good-cause arguments. Thus, because Plaintiff did not show good cause, the Court adopted the Magistrate Judge's recommendation to dismiss the six defendants.

Plaintiff has now filed a motion to alter or amend the R & R and the Court's March 23 Order (ECF No. 116). He alleges omissions and dilatory tactics by defense counsel, as well as delays by prison officials, prevented him from serving the defendants within Rule 4(m)'s deadline.

Plaintiff bases his motion on Rules 52(b) and 59(e), but those rules do not apply here. Both expressly apply to judgments, and a judgment has not been entered in this case. However, Plaintiff's motion can be liberally construed as two other types of filings. First, insofar as the motion attacks the R & R, it is most appropriately construed as an objection under Federal Rule of Civil Procedure 72(b)(2). Construing the motion as such, the Court finds it untimely. Objections are due fourteen days after the R & R is served. Fed. R. Civ. P. 72(b)(2). Plaintiff understood that deadline, as he submitted timely objections to the R & R. Plaintiff also clearly knew of the Magistrate Judge's invitation to make a good-cause argument; Plaintiff quoted that portion of the R & R in his objections. Plaintiff could have then asserted the arguments he now makes, but instead he waited to do so until after this Court reviewed the R & R and issued its own Order. Addressing this untimely objection would undermine the important finality and efficiency concerns that underlie Rule 72(b)(2)'s deadline. As such, the Court declines to address Plaintiff's belated objection. *See Darby v. South Carolina*, 355 F. App'x 751 (4th Cir. 2009) (per curiam) ("The district court was under no obligation to consider Darby's objections because they were untimely.").

Second, insofar as Plaintiff's motion attacks this Court's Order, it is most appropriately construed as one seeking reconsideration under Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of judgment adjudicating all the

claims." Construing the motion as such, the Court finds it to be without merit. Rule 54(b) motions "may not be used to raise arguments or introduce evidence that could have been addressed or presented previously" but were not. *Regan v. City of Charleston*, 40 F. Supp. 3d 698, 702 (D.S.C. 2014). Again, the Magistrate Judge invited Plaintiff to make the argument that he now raises after the fact. Because Plaintiff's argument comes too late, the Court will not grant relief under Rule 54(b).

Accordingly, Plaintiff's motion is **DENIED.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**April 21, 2016**
**Charleston, South Carolina**

3